ROLAND L. BELSOME, Judge.
|T The plaintiff, Cherie Cody, appeals the trial court’s judgment dismissing her damages claim in favor of the defendant. For the following reasons, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On January 20, 1998, Ms. Cody was hired by the Board of Trustees for State Colleges and Universities (BTSCU) as a practical nursing instructor at Elaine P. Nunez Community College (Nunez).[1] Her employment was based on nine-month teaching contracts wherein she received a new contract each academic year. The final contract between the plaintiff and Nunez was entered into on August 10, 2001, and expired on May 20, 2002. On July 22, 2002, she was informed that she would not receive a new contract.
As a result, Ms. Cody filed a suit for damages against Nunez and the Louisiana Community and Technical College System Board of Supervisors (LCTCS), seeking unpaid salary and benefits for the 2002-03 and 2003-04 school | wears. She asserted that Nunez violated a written policy promulgated by the BTSCU (old policy) that requires non-tenured faculty to be given twelve months advance notice that their contract is not going to be renewed. She also alleged that the LCTCS was liable because it managed and provided oversight to Nunez. In an amended petition, Ms. Cody alternatively asserted that she was entitled to notice of non-renewal before the end of her last academic year, under LCTCS policy number 6.016 (new policy), which was enacted during the 2001-02 academic year.
Following a denial of summary judgment, this Court denied writs. At the conclusion of trial, the court determined that Ms. Cody was not entitled to notice of non-renewal, and dismissed her claim. This timely appeal follows.

STANDARD OF REVIEW

In reviewing a trial court’s findings of fact, appellate courts employ a “manifest error” or “clearly wrong” standard of review. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989) (citations omitted).

DISCUSSION

In her sole assignment of error, Ms. Cody asserts that the trial court erred in finding that Nunez was not obligated to give her timely notice of the non-renewal of her employment contract. At trial, and on appeal, Ms. Cody argued that she was *661 due notice of non-renewal of her contract, under the new policy.[2]
IsLCTCS policy number 6.016, states in pertinent part:
NON-TENURED FACULTY
An appointment carries no assurance of reappointment promotion, or tenure. Reappointments are made solely at the discretion of the institution with the approval of the Board. The non-reappointment of a faculty member does not necessarily reflect on the faculty member’s work record or behavior. The determination to reappoint, or not to reappoint, should be based upon a review of the specific conditions relating to the position. The Chancellor is responsible for instituting action that ensures that each tenure-track faculty member is reviewed for renewal each year. Unless an appointment is of a temporary nature for a fixed term, notice that a probationary appointment is not to be renewed shall be given to the faculty member in advance of the expiration of the appointment, [emphasis supplied].
Based on the language of the policy, it is clear that in order to establish entitlement to notice of non-renewal, the employee’s appointment must first be probationary.[3] Thus, in order to conclude that the provisions of the new policy apply to Ms. Cody, we must determine her employment status, i.e., whether she was a probationary or non-probationary employee. Therefore, our review is narrowly tailored to this determination.
At trial, Ms. Cody testified that she was a non-tenured faculty member and had no reason to believe that she was a temporary employee. Significantly, Ms. Cody, herself, never testified that she believed herself to be a probationary employee. Her own witness, Donna Clark, who retired in 1998 as the Vice Chancellor of Student Affairs, testified that Ms. Cody’s position, instructor of practical nursing, would not be classified as a temporary position. She further indicated that Ms. Cody would be classified as non-tenured, full-time staff. She |4also testified that as of July 2002, Ms. Cody was not on probational appointment either.
Carol McCleod, Brian Keating, and Thomas Warner, all employees of Nunez, testified that a probationary faculty member was considered to be one serving the first full academic year. They all testified that Ms. Cody was not on probationary appointment since she had finished her first academic year. They further testified that Ms. Cody did not have to be notified; however, she was given notice as a courtesy-
After reviewing all of the evidence admitted at trial, the trial court concluded that Ms. Cody failed to prove that she was under a probationary appointment requiring notice of non-renewal. In light of the record as a whole, we cannot find that the trial court was manifestly erroneous or clearly wrong in dismissing Ms. Cody’s lawsuit against the LCTCS. Accordingly, the trial court’s judgment is affirmed.
AFFIRMED.

. When Ms. Cody was hired, Nunez was governed by the BTSCU. However, pursuant to Act No. 151 of the 1998 legislative session, Nunez became a part of the Louisiana Community and Technical College System (LCTCS). The effective date of this change was July 1, 1999, after which the LCTCS oversaw Nunez.

. Even though on appeal Ms. Cody also argues that she was entitled to receive the benefits of the old policy, which required Nunez to give all non-tenured employees notice of non-renewal, there was no evidence presented at trial to support the application of the old policy.

. It further excludes those probationary appointments, which are of a temporary nature for a fixed term.